UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOE A. JIMENEZ,                      )   Case No. CV 11-5932 JC
                                     )
                Plaintiff,           )
                                     )
        v.                           )   MEMORANDUM OPINION AND
                                     )   ORDER OF REMAND
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social               )
Security,                            )
                                     )
                Defendant.           )
_____ )

## I.    SUMMARY

On July 19, 2011, plaintiff Joe A. Jimenez ("plaintiff") filed a Complaint
seeking review of the Commissioner of Social Security's denial of plaintiff's
application for benefits.  The parties have consented to proceed before a United
States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary
judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The
Court has taken both motions under submission without oral argument.  See Fed.
R. Civ. P. 78; L.R. 7-15; July 20, 2011 Case Management Order ¶ 5.
///

1

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is REVERSED AND REMANDED for further proceedings

3    consistent with this Memorandum Opinion and Order of Remand.

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    On October 13, 2008, plaintiff filed an application for Disability Insurance

7    Benefits.  (Administrative Record ("AR") 19).  Plaintiff asserted that he became

8    disabled on September 5, 2006, due to a fused neck and lower back.  (AR 122).

9    The Administrative Law Judge ("ALJ") examined the medical record and heard

10   testimony from plaintiff (who was represented by counsel) and a vocational expert

11   on February 10, 2010.  (AR 31-60).

12   On July 14, 2010, the ALJ determined that plaintiff was not disabled

13   through the date of the decision.  (AR 26).  Specifically, the ALJ found:

14   (1) plaintiff suffered from the following severe impairments:  lumbago,

15   unspecified thoracic and lumbosacral radiculitis, and post-laminectomy syndrome

16   of the lumbar region (AR 21) (citing Exhibit 10F at 5 [AR 469]); (2) plaintiff's

17   impairments, considered singly or in combination, did not meet or medically equal

18   a listed impairment (AR 22); (3) plaintiff retained the residual functional capacity

19   to perform light work (20 C.F.R. § 404.1567(b)) with several additional

20   limitations[1] (AR 22); (4) plaintiff could not perform his past relevant work (AR

21   24-25); (5) there are jobs that exist in significant numbers in the national economy

22   that plaintiff could perform, specifically nut and bolt assembler, bonder, and

23   touch-up screener, electronics (AR 25-26); and (6) plaintiff's allegations regarding

24

25   _____

26   [1]The ALJ determined that plaintiff:  (i) could lift and/or carry 20 pounds occasionally and 10 pounds frequently; (ii) could sit for six hours in an eight-hour day; (iii) could stand and/or walk for only four hours in an eight-hour day; (iv) would require frequent changes in position; (v) could never climb ladders, ropes or scaffolds; (vi) could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl and ambulate over uneven terrain.  (AR 22).

27

28

2

his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 23).

The Appeals Council denied plaintiff's application for review.  (AR 1).

**III.   APPLICABLE LEGAL STANDARDS**

**A.     Sequential Evaluation Process**

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)     Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)     Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)     Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

///
///

3

(4)     Does the claimant possess the residual functional capacity to
        perform the claimant's past relevant work?  If so, the claimant
        is not disabled.  If not, proceed to step five.

(5)     Does the claimant's residual functional capacity, when
        considered with the claimant's age, education, and work
        experience, allow the claimant to adjust to other work that
        exists in significant numbers in the national economy?  If so,
        the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the
Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also
Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
benefits only if it is not supported by substantial evidence or if it is based on legal
error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
(9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion."  Richardson v. Perales,
402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a
mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing
Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must
"'consider the record as a whole, weighing both evidence that supports and
evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v.
Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

1   953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

2   or reversing the ALJ's conclusion, a court may not substitute its judgment for that

3   of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

4   **IV.   DISCUSSION**

5          Plaintiff contends that the ALJ improperly evaluated the credibility of

6   plaintiff's subjective complaints.  (Plaintiff's Motion at 7-11).  The Court agrees.

7   As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

8          **A.     Pertinent Law**

9          "To determine whether a claimant's testimony regarding subjective pain or

10  symptoms is credible, an ALJ must engage in a two-step analysis."  Lingenfelter v.

11  Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  First, "the ALJ must determine

12  whether the claimant has presented objective medical evidence of an underlying

13  impairment 'which could reasonably be expected to produce the pain or other

14  symptoms alleged.'"  Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.

15  1991) (en banc)).

16         "Second, if the claimant meets this first test, and there is no evidence of

17  malingering, 'the ALJ can reject the claimant's testimony about the severity of

18  [his] symptoms only by offering specific, clear and convincing reasons for doing

19  so.'"  Lingenfelter, 504 F.3d at 1036 (citations omitted).  "In making a credibility

20  determination, the ALJ 'must specifically identify what testimony is credible and

21  what testimony undermines the claimant's complaints.'"  Greger v. Barnhart, 464

22  F.3d 968, 972 (9th Cir. 2006) (citation omitted).   "The ALJ must cite the reasons

23  why the claimant's testimony is unpersuasive."  Orn v. Astrue, 495 F.3d 625, 635

24  (9th Cir. 2007) (citation and quotation marks omitted).  In weighing credibility,

25  the ALJ may consider factors including:  the nature, location, onset, duration,

26  frequency, radiation, and intensity of any pain; precipitating and aggravating

27  factors (e.g., movement, activity, environmental conditions); type, dosage,

28  effectiveness, and adverse side effects of any pain medication; treatment, other

1   than medication, for relief of pain; functional restrictions; the claimant's daily

2   activities; and "ordinary techniques of credibility evaluation." <u>Bunnell</u>, 947 F.2d

3   at 346 (citing Social Security Ruling ("SSR") 88-13; quotation marks omitted).

4   The ALJ may consider (a) inconsistencies or discrepancies in a claimant's

5   statements; (b) inconsistencies between a claimant's statements and activities;

6   (c) exaggerated complaints; and (d) an unexplained failure to seek treatment.

7   <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958-59 (9th Cir. 2002).  If properly supported,

8   the ALJ's credibility determination is entitled to "great deference."  <u>See</u> <u>Green v.</u>

9   <u>Heckler</u>, 803 F.2d 528, 532 (9th Cir. 1986).

10        **B.   Analysis**

11        In this case, the ALJ found that plaintiff's statements and testimony

12   concerning his limitations were "not credible to the extent they were inconsistent

13   with the ALJ's residual functional capacity assessment."  (AR 22-23).

14   Nonetheless, the ALJ failed to provide clear and convincing reasons for

15   discounting plaintiff's credibility, and the Court cannot find that the ALJ's error

16   was harmless.

17        First, the ALJ discounted the alleged severity of plaintiff's pain as

18   inconsistent with plaintiff's "reported daily activities."  (AR 24).  The ALJ's

19   findings in this respect, however, are not supported by substantial evidence.  Most

20   significantly, in his decision, the ALJ stated that during the hearing plaintiff

21   "acknowledged that he could walk for up to four hours, although [plaintiff] would

22   need to sit after five minutes, just as he would need to stand after sitting 30 to 45

23   minutes."  (AR 24).  The ALJ's statement, however, mischaracterizes plaintiff's

24   testimony – *i.e.*, at the hearing plaintiff testified that he could walk "maybe four

25   <u>houses</u>" (not "up to four <u>hours</u>") and that he could stand and walk only "five

26   minutes" before he needed to sit or lay down to relieve his pain.  (AR 50-51)

27   (emphasis added).  Although the ALJ's incorrect characterization of plaintiff's

28   testimony appears to be inadvertent, it nonetheless calls into question the validity

1   of both the ALJ's assessment of plaintiff's credibility and the ALJ's decision as a

2   whole.  See, e.g., Regennitter v. Commissioner of Social Security Administration,

3   166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an

4   "inaccurate characterization of the evidence" cannot support an adverse credibility

5   determination); see also Valenzuela v. Astrue, 247 Fed. Appx. 927, 929 (9th Cir.

6   2007) (finding ALJ's credibility determination unsupported by substantial

7   evidence where it was based in part on "inaccurate characterization" of claimant's

8   testimony).[2]

9       The ALJ also noted that plaintiff testified that he could "feed and walk his

10  pet puppy" and that plaintiff had driven himself to the hearing.  (AR 24).

11  Nonetheless, even assuming that plaintiff retained the ability to carry on certain

12  minimal activities of daily living, the ALJ did not find, nor does the record reflect,

13  that such activities "consume[d] a substantial part of [plaintiff's] day," and thus

14  such evidence does not constitute a clear and convincing reason for discounting

15  plaintiff's credibility.  See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)

16  (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).

17      Second, it appears that the ALJ discounted plaintiff's credibility based on

18  perceived internal conflicts within plaintiff's own statements and testimony.  For

19  example, the ALJ noted that plaintiff stated that he was "unable to do household

20  chores" but could still "feed and walk his pet puppy."  (AR 24) (citing AR 47-48;

21  Exhibit 1E at 4 [AR 115]; Exhibit 12E at 5 [AR 159]).  Nonetheless, in light of

22  plaintiff's other testimony that he could not stand for more than five minutes,

23  could move about only "a little bit," would "walk around the backyard" only if he

24  was able to, and could not walk more than "four houses" (less on uneven ground)

25  (AR 48-52), evidence that plaintiff could nominally care for a pet does not appear

26

27      [2]Courts may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007.

28  See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

1  materially inconsistent with an alleged inability generally to do household chores.

2  Cf. Vertigan, 260 F.3d at 1049 ("One does not need to be 'utterly incapacitated' in

3  order to be disabled.") (citation omitted).  The ALJ also wrote that "[plaintiff] also

4  stated that he needed his wife to drive him around, yet he drove to the hearing."

5  (citing AR 49; Exhibit 1E at 3 [AR 114]; Exhibit 7E at 4 [AR 144]; Exhibit 12E

6  at 5 [AR 159]).  When viewed in context, however, such statements do not appear

7  materially inconsistent.  For example, plaintiff's September 5, 2006 statement that

8  he did not drive a car (Exhibit 1E at 3 [AR 114]) appears to have been accurate at

9  that time considering that plaintiff had injured his lower back only a month earlier

10  (i.e., August 2006), and continued to have pain even after "epidural injection and

11  physical therapy." (Compare AR 114 with AR 384).  Plaintiff's similar statement

12  in November 2, 2008 (Exhibit 7E at 4 [AR 144]) was reasonable in light of the fact

13  that plaintiff had received back surgery on June 4 of the same year. (Compare AR

14  144 with AR 379).  Finally, in an undated Disability Report–Appeal plaintiff

15  stated "my wife has to drive me around" but also stated that as of February 2009

16  his back pain was "getting worse" and that a doctor had recommended back

17  surgery (which the record reflects was performed on June 24, 2009). (AR 156,

18  159, 506).  Moreover, although plaintiff also testified at the hearing that he needed

19  his wife to drive him, plaintiff reasonably qualified such testimony by stating that

20  the assistance he needed was for longer trips and that he remained able to drive

21  short distances. (AR 48-50).  Even assuming, as defendant contends, that

22  plaintiff's statements were inconsistent in some respect, a remand is still required

23  in this case since, as noted above, the ALJ's mischaracterization of plaintiff's

24  testimony called into question the validity of the ALJ's ultimate credibility

25  conclusion.  See Carmickle v. Commissioner, Social Security Administration, 533

26  F.3d 1155, 1162 (9th Cir. 2008) (Where some reasons supporting an ALJ's

27  credibility analysis are found invalid, the error is harmless if (1) the remaining

28  reasons provide substantial evidence to support the ALJ's credibility conclusions,

8

and (2) "the error does not negate the validity of the ALJ's ultimate credibility conclusion.") (quoting <u>Batson v. Commissioner of Social Security Administration</u>, 359 F.3d 1190, 1195 (9th Cir. 2004)) (citation and internal quotation marks omitted).

Third, while defendant correctly notes that an ALJ may discount a plaintiff's credibility where only conservative measures were used to treat allegedly disabling pain, <u>see</u> <u>Parra v. Astrue</u>, 481 F.3d 742, 750-51 (9th Cir. 2007) (citation omitted), <u>cert. denied</u>, 552 U.S. 1141 (2008), here, contrary to defendant's assertion, the ALJ did not do so. In fact, the ALJ specifically noted that "[c]onservative treatments [had] *failed*" in plaintiff's case. (AR 23) (emphasis added). This Court is constrained to review the reasons cited by the ALJ. <u>See</u> <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003).

Finally, the ALJ found that the objective medical evidence does not support plaintiff's subjective complaints. (AR 23-24). As detailed above, the ALJ did not provide any other clear and convincing reason for discounting plaintiff's credibility. Lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting pain testimony. <u>See</u> <u>Burch</u>, 400 F.3d at 681.

The Court cannot find the ALJ's errors harmless. First, the ALJ concluded, based in part on an incorrect characterization of plaintiff's testimony (*i.e.*, that plaintiff could walk for "up to four hours"), that (1) plaintiff was able to perform "basic work functions"; and (2) "by limiting [plaintiff] to standing and/or walking for four hours in an eight-hour day with frequent changes in position," the ALJ's residual functional capacity assessment fully accounted for all of plaintiff's impairments. (AR 24). The Court cannot conclude that the ALJ would have reached such conclusions, however, had the ALJ credited plaintiff's actual testimony (*i.e.*, that plaintiff could not walk for more than five minutes at a time). Second, the ALJ adopted the opinions of the state agency medical consultant and

9

the examining consultative orthopedist, in part, based on the erroneous premise that such opinions were "generally consistent with [plaintiff's] testimony." (AR 24). Therefore, the Court cannot conclude that the ALJ's evaluation of the medical opinion evidence would have been the same absent such error. Finally, at the hearing, the vocational expert testified that if plaintiff, or a hypothetical person with plaintiff's characteristics, was "[un]able to stand, sit and walk for a total of eight-hours" such individual would "not be able to do [plaintiff's] past work or sustain any other type of work. . . ." (AR 58). The Court, therefore, cannot conclude that the vocational expert would have opined (or that the ALJ relying upon such opinion would have determined) that plaintiff could perform other work which exists in significant numbers in the national economy if the ALJ had included in the hypothetical question posed to the vocational expert plaintiff's asserted inability to walk more than four *houses* (rather than four *hours*).

Accordingly, remand is warranted to allow the ALJ properly to consider plaintiff's testimony and to reevaluate plaintiff's credibility based upon such consideration and the other evidence in the record.

///
///
///
///
///
///
///
///
///
///
///
///

1    **V.    CONCLUSION**[3]

2           For the foregoing reasons, the decision of the Commissioner of Social

3    Security is reversed in part, and this matter is remanded for further administrative

4    action consistent with this Opinion.[4]

5           LET JUDGMENT BE ENTERED ACCORDINGLY.

6    DATED:  February 9, 2012

7                                                     /s/

8                                        Honorable Jacqueline Chooljian
                                         UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21  ————————————

22         [3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's
    decision, except insofar as to determine that a reversal and remand for immediate payment of
23  benefits would not be appropriate.

24         [4]When a court reverses an administrative determination, "the proper course, except in rare
25  circumstances, is to remand to the agency for additional investigation or explanation."
    Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
26  quotations omitted).  Remand is proper where, as here, additional administrative proceedings
    could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.
27  1989); see also Connett, 340 F.3d at 876 (remand is an option where the ALJ stated invalid
28  reasons for rejecting a claimant's excess pain testimony).